**PAN AMERICAN PETROLEUM COR-
PORATION, Petitioner,**

v.

**FEDERAL POWER COMMISSION,
Respondent.**

Nos. 6670, 6724.

United States Court of Appeals
Tenth Circuit.

Dec. 19, 1961.

Clifford O. Stone, Jr., Tulsa, Okl. (J. P. Hammond, William H. Emerson, Tulsa, Okl., William J. Grove, Carroll L. Gilliam and Dow, Lohnes & Albertson, Washington, D. C., of counsel, on the brief), for petitioner.

Arthur H. Fribourg, Washington, D. C. (Ralph S. Spritzer, Howard E. Wahrenbrock and Robert L. Russell, Washington, D. C., on the brief), for respondent.

Before LEWIS and BREITENSTEIN, Circuit Judges, and CHRISTENSON, District Judge.

LEWIS, Circuit Judge.

Petitioner, an independent producer of natural gas, entered into a contract with Cimarron Transmission Company for the sale of natural gas from the Enville and West Enville Fields, Love County, Oklahoma, for a price of 15.5¢ per Mcf at 14.65 psia and providing for increases for additional Btu content. The contract was identical in terms to those entered by Cimarron with other producers in the same fields, including Texas Pacific, Sinclair and Cameron, all of whom were issued certificates of public convenience and necessity in conformity with their contracts on December 17, 1959.

Petitioner had previously made application for authorization of sales under its contract on September 11, 1959. After the Commission determination regarding other certificates, In the Matter of Texas Pacific Coal and Oil Co., et al., 22 FPC 1059, petitioner requested the Commission to dispose of its application under Section 1.32 of the Commission's Rules of Practice and Procedure, 18 CFR 1.32, which provides for a shortened hearing procedure. When no immediate action was taken upon this request, petitioner sought temporary emergency authorization on June 8, 1960, because deliveries were being made by the above-mentioned producers from wells in which petitioner owned an interest.

On November 3, 1960, the Commission issued to petitioner temporary authorization to sell gas to Cimarron but conditioned the authorization upon reduction of the base price to 15¢ per Mcf and elimination of the Btu price adjustment clause.

Case No. 6724 is based on amendatory contract with Cimarron and an application for authorization upon additional gas committed from the same field and made subject to the same conditions as the original contract by the Commission's temporary authorization issued on March 2, 1961.

Petitioner contends that the Commission's order is arbitrary, not based upon a record, and discriminatory. The Commission responds that its action was predicted by and predicated on its Statement of General Policy issued on September 28, 1960, 24 FPC 818, which, in

an attempt to stabilize price levels for natural gas by area, provided for 15¢ per Mcf on all new sales for areas including the Enville Fields.

We find no support in the record for petitioner's contention that unreasonable delay upon the part of the Commission in acting upon petitioner's applications has been used as a tool by the Commission to single out Pan American for discriminatory action. The case is otherwise governed by the principles discussed and the result reached by our decision in Sohio Petroleum Company v. Federal Power Commission, 298 F.2d 465.

The case is remanded for further consideration by the Commission in the light of Sohio.